# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | | |
|---|---|---|
| MONTRELL BENARD JEFFERSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:18CV00725-SWW-JJV |
| | * | |
| TIM RYALS, Sheriff, | * | |
| Faulkner County Sheriff Office; *et al.*, | * | |
| | * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Montrell Benard Jefferson ("Plaintiff"), formerly incarcerated at the Faulkner County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was treated poorly at the detention center and the facility was unfit in a number of ways. (*Id*. at 4-5, 7-8.) He seeks monetary damages and that the detention center "not house any inmate at Unit 1" because it is not healthy. (*Id*. at 6.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II. SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Plaintiff's allegations regarding the conditions at the Faulkner County Detention Center include the following: (1) he did not get "proper cleaning things"; (2) he did not get proper food; (3) there was water leaking from the showers; (4) he had lost weight due to his "health condition"; (5) there were "some racial things going on" because African Americans and Caucasians were treated differently; (6) he did not receive one hour of recreation time each day; (7) there was black mold in the showers; and (8) there were no tuberculosis lights except on the first floor. (Doc. No. 2 at 4-5, 7-8.) He also says he was blocked from accessing video calling and email on the kiosk, and when he filed a grievance he was told he was on restriction for cursing, which he did not do. (*Id*. at 5.)

Although it appears he did not receive my Order (Doc. No. 3 at 3-5), I previously tried to warn Plaintiff that his Complaint fails to state a claim upon which relief may be granted. First, the only named Defendants are Tim Ryals and Gary Andrews, identified as the Sheriff and Lieutenant,

3

respectively.  (Doc. No. 2 at 1-2.)  Plaintiff makes no mention of either defendant or allegation against them in his "Statement of Claim."  (*Id*. at 4-5, 7-8.)  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).  Thus, in order to state a cognizable § 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's constitutional rights.  *See, e.g.*, *Dockery v. City of Garland*, 2011 WL 1167082, Case No. 4:10CV04071-HFB-JRM, at 2 (W.D. Ark. 2011).  To the extent Plaintiff intends to hold Defendants Ryals and Andrews responsible based solely on their positions as supervisory officials, that claim fails.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (there is no *respondeat superior* liability under § 1983); *see also Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

In addition, although some of Plaintiff's claims are related to one another under the umbrella of unconstitutional conditions of confinement, others are factually unrelated – in particular, any medical care, equal protection, or due process claim he intends to state.  Pursuant to Federal Rule of Civil Procedure 20(a)(2), these claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and are therefore unsuited for prosecution against multiple defendants.  Moreover, none of Plaintiff's individual allegations plead enough facts to state a claim for relief.  He does not allege he has been harmed in any specific way by the allegedly unconstitutional conditions, he has not identified what his "health condition" is, and he does not allege either defendant has been deliberately indifferent to an excessive risk to his health or safety.  *See Williams v. Delo*, 49 F.3d 442, 445 (8th Cir. 1995) (deliberate indifference standard for convicted inmates); *Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994) (same standard

for pretrial detainees). Plaintiff's allegations regarding the conditions of his confinement essentially amount to a list of purported deficiencies at the Faulkner County Detention Center. Finally, any equal protection claim he means to state regarding the "racial things going on" and any due process claim he means to state regarding his kiosk restrictions are totally undeveloped.

My prior Order notified Plaintiff of these deficiencies and offered him an opportunity to cure them by filing a superseding amended complaint. (Doc. No. 3 at 3-5.) Plaintiff has not amended his Complaint, despite being warned his Complaint was deficient and would be subject to dismissal absent an amendment. (*Id*. at 7.) Accordingly, and for the reasons set forth above, I recommend Plaintiff's Complaint be dismissed without prejudice for failure to state a claim.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

DATED this 2nd day of November, 2018.

                                                          _____
                                                          JOE J. VOLPE
                                                          UNITED STATES MAGISTRATE JUDGE